**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CANDIDO HERNANDEZ, SR. and WAIKIKI HERNANDEZ, Individually and as Next Friends and Guardians of C.H., a Minor, | § § § § | |
| Plaintiffs, | § § | No. 3:12-cv-1213-M |
| v. | § § | |
| BUMBO (PTY.) LTD. and BUMBO INTERNATIONAL TRUST f/k/a JONIBACH MANAGEMENT TRUST, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion of Defendants Bumbo (Pty.) Ltd. and Bumbo International Trust (collectively "Bumbo") for Leave to Designate Waikiki Hernandez a Responsible Third Party with respect to the claims of the minor Plaintiff, C.H. [Docket Entry #42]. For the reasons stated below, the Motion is **GRANTED.**

**I.   BACKGROUND**

In this products liability action, Defendants have moved under Section 33.004 of the Texas Civil Practice and Remedies Code ("CPRC") for leave to designate Waikiki Hernandez as a responsible third party with respect to the claims of her minor son and Plaintiff, C.H. Defendants claim that Mrs. Hernandez's use of the Bumbo Seat on a raised surface was an improper use of the product, and contrary to the warnings that accompanied the product. Defendants seek to designate Mrs. Hernandez as a responsible third party so that the jury may determine whether, and to what extent, she shares in the responsibility for C.H.'s fall and

1

injuries. In response, Plaintiffs contend that the Motion should be denied because (1) the applicable statute of limitations has expired; (2) the doctrine of parental immunity bars Mrs. Hernandez being designated as a responsible third party; and (3) Mrs. Hernandez cannot be designated a responsible third party because she is already a party to this lawsuit.

## II. LEGAL STANDARD

Chapter 33 of the CPRC applies to all common law torts and statutory torts that do not have a separate and conflicting fault-allocation scheme. Tex. Civ. Prac. & Rem. Code § 33.002; *JCW Elec., Inc. v. Garza*, 257 S.W.3d 701, 704-07 (Tex. 2008). The statute applies to federal diversity cases under the Erie Doctrine, as it is state substantive law that does not conflict with Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart. *Nationwide Lloyds Ins. Co. v. Norcold, Inc.*, Nos. 09-0113 & 09-0114, 2009 WL 3381523, at *2 n.1 (W.D. Tex. Oct. 19, 2009); *Harris Constr. Co. v. GG-Bridgeland, LP*, No. 07-3468, 2009 WL 2486030, at *1 n.1 (S.D. Tex. Aug. 10, 2009).

Chapter 33 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a). Under Chapter 33, a defendant may liberally designate responsible third parties, including parties not subject to the court's jurisdiction, unknown parties, and parties immune from suit. *Id.* § 33.004(j); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.). If the court provides leave to designate a responsible third party, and there is evidence sufficient to submit a jury question regarding the party's conduct, the trier of fact determines the percentage of responsibility "by any combination" of claimants, defendants, settling persons, and designated responsible third parties. Tex. Civ. Prac. & Rem. Code § 33.003; *Dhaliwal v. Vanguard Pharm. Mach., Inc.*, No.

08-2452, 2010 WL 231755, at *1 (S.D. Tex. Jan. 20, 2010).

Once a defendant has moved for leave to designate a responsible third party, a plaintiff may object in a timely fashion. Tex. Civ. Prac. & Rem. Code § 33.004(f). Once the plaintiff objects, the court must grant leave to designate the person as a responsible third party "unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant [still] failed to plead sufficient facts." *Id.* § 33.004(g).

### III. ANALYSIS

**A.    Defendants' Motion Is Not Untimely Under Section 33.004(d) of the CPRC**

Plaintiffs maintain that the statute of limitations on Mrs. Hernandez's individual bystander cause of action expired on November 24, 2013, and argue that Defendants' motion, which was filed on November 25, 2013, is therefore time-barred under Section 33.004(d). The full text of Section 33.004(d) states:

> A defendant may not designate a person as a responsible third party *with respect to a claimant's cause of action* after the applicable limitations period on the cause of action has expired with respect to the responsible third party *if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure*.

*Id.* § 33.004(d) (emphasis added).

Plaintiffs, as an initial matter, have not alleged that Defendants have failed to comply with any obligations to "disclose" that Mrs. Hernandez may be designated as a responsible third party. Furthermore, the relevant limitations period in Section 33.004(d) is specific to the "claimant's cause of action." *Id.* Here, Defendants' motion is limited to the claims of Mrs. Hernandez's minor son and Plaintiff, C.H, and does not concern Mrs. Hernandez's individual

bystander claim. Plaintiffs do not allege that the statute of limitations for C.H.'s claims has expired.

However, even if Mrs. Hernandez's bystander claim were relevant to the analysis, Defendants' motion would still be timely, because November 24, 2013 was a Sunday. The CPRC provides that "[i]f the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day . . . ." Tex. Civ. Prac. & Rem. Code § 16.072. Since Defendants' Motion was filed on Monday, November 25, 2013, the Motion would be timely even if it were limited to Mrs. Hernandez's bystander claim.

**B.     Mrs. Hernandez's Designation as a Responsible Third Party Is Not Precluded by the Doctrine of Parental Immunity.**

Plaintiffs also allege that the doctrine of parental immunity prohibits the designation of Mrs. Hernandez as a responsible third party to the claims of C.H. under Chapter 33 of the CPRC. Although Plaintiffs are correct that the parental immunity doctrine applies generally under Texas law, Plaintiffs' cited authority does not concern parental immunity in the context of responsible third party designations made after the 2003 amendments to Chapter 33.

Previously, Chapter 33 required that the person designated be someone who could be held liable—*i.e.*, someone not immune from suit by the plaintiff. *Fisher v. Halliburton*, Nos. 05-1731 & 06-1971, 2009 WL 1098457, at *4 (S.D. Tex. Apr. 23, 2009), *rev'd on other grounds*, 667 F.3d 602, 621-22 (5th Cir. 2012). However, in 2003, the Texas Legislature "significantly liberalized who could be designated as a responsible third party," and since then, the statute has allowed defendants to designate "parties [who are] not subject to the court's jurisdiction, *immune from suit* or who are unknown." *Nationwide Lloyds*, 2009 WL 3381523, at *2 (quotation omitted) (emphasis added); *see also Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d

4

863, 868 n.6 (Tex. 2009) ("The 2003 amendments substantially broadened the meaning of the term 'responsible third party' . . . regardless of whether . . . there is some other impediment to the imposition of liability on them, such as a statutory immunity.") (quoting 19 Dorsaneo, *Texas Litigation Guide* § 291.03[2][b][i]).

Under Chapter 33 as it now exists, traditional immunity defenses under Texas law, including parental immunity, do not prevent responsible third party designations. *See Fisher v. Halliburton*, 667 F.3d 602, 621-22 (5th Cir. 2012) ("Even parties 'who . . . are immune from liability to the claimant' can be designated responsible third parties under the statute."); *In re Unitec*, 178 S.W.3d at 58 n.5 ("a responsible third party may include persons . . . who are immune from liability to the claimant"); David W. Holman, *Responsible Third Parties*, 46 S. Tex. L. Rev. 869, 885 (2005) (noting that a "claimant's parents whom the claimant cannot sue because of parental immunity" may now be submitted as a responsible third party after the 2003 amendments). Therefore, the doctrine of parental immunity does not preclude Mrs. Hernandez's designation as a responsible third party under Chapter 33 of the CPRC.

**C.    Despite Being A Party to the Case, Mrs. Hernandez May Be Designated as a Responsible Third Party with Respect to the Claims of the Minor, C.H.**

Plaintiffs allege that because Mrs. Hernandez is already a party to the lawsuit, Defendants cannot designate her as a responsible third party. Defendants assert that while Mrs. Hernandez is a party to this lawsuit through her individual bystander claim, she is not a party to the claims of the minor Plaintiff C.H., for which Defendants seek to designate her a responsible third party, because she is merely bringing those claims as the next friend and guardian of C.H. Nevertheless, Chapter 33 still classifies Mrs. Hernandez as a "claimant" with respect to C.H.'s claims, because its definition of "claimant" encompasses both "the person who was injured" and "any person who is seeking . . . recovery of damages for the injury. . . of that person." Tex. Civ.

Prac. & Rem. Code § 33.011(1). There is, however, little authority as to whether a claimant, particularly a guardian bringing a claim on behalf of a minor plaintiff, may nonetheless be designated a responsible third party.

Plaintiffs rely on *Flack v. Hanke*, 334 S.W.3d 251, 254 (Tex. App.—San Antonio 2010, pet. denied). In *Flack*, defendant Hanke designated two law firms—Langley & Banack and Cox Smith—as responsible third parties under Chapter 33. *Id.* at 255. Shortly thereafter, plaintiff Flack and defendant Hanke jointly moved to add the two law firms as defendants. *Id.* After granting that motion, the trial court signed an agreed order dismissing Hanke, leaving the two law firms as the only remaining defendants in the case. *Id.* Langley & Banack then moved to strike its previous designation as a responsible third party by Hanke. *Id.* The trial court granted the motion, but the appellate court overturned this decision on the grounds that allowing Langley & Banack, which was then a defendant, to strike the prior designation of it as a responsible third party, would contradict the plain meaning of Section 33.004(*l*):

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

*Id.* at 262. The appellate court emphasized that this provision lacks any mechanism for a responsible third party to challenge its designation. *Flack*, 334 S.W.3d at 262. The appellate court held that Langley & Banack could not strike itself as a responsible third party because under Chapter 33, the only entity that could possibly respond to such a motion is "a defendant produc[ing] sufficient evidence" as to the designated person's responsibility. *Id.* The court reasoned that with Hanke, the defendant who designated Langley & Banack, dismissed from the case, "[i]t would be illogical to assume Langley & Banack, as a defendant, would raise an issue

6

against" its own motion and that "such an interpretation would permit defendants to re-litigate their designation of [responsible third parties]—which the statute does not permit." *Id.* at 262. Here, however, Defendants are not attempting to contest designation of them as responsible third parties. Instead, they are attempting to designate Mrs. Hernandez as a responsible third party, and she would not, as Langley & Banack were, be placed on both sides of a single motion in contravention of the statute. Therefore, the concerns expressed in *Flack* are not at issue here.

The parties also each cite to unpublished orders in support of their positions. Plaintiffs cite to an order in *Ferrell v. Bumbo (Pty.) Ltd.*, in which the court denied a similar motion to designate the parents of a minor plaintiff as responsible third parties on the basis that Chapter 33 "clearly distinguishes between 'claimants' and 'responsible third part[ies]'" and that plaintiffs were "first parties, having brought the case in the first place." No. A-11-CA-467-SS (W.D. Tex. Feb. 21. 2012) (quoting Tex. Civ. Prac. & Rem. Code. §§ 33.004(a)(1), (4)). Defendants respond that in a similar case, *Blythe v. Bumbo Int'l Trust*, No. 6:12-CV-00036 (S.D. Tex. Nov. 5, 2013), the court granted the defendants' motion to designate the minor plaintiff's mother as a responsible third party, despite the fact that she was a plaintiff in the case.[1] Defendants also note two other instances in which federal courts in Texas have granted motions to designate parents bringing claims on behalf of minor children as responsible third parties, even though the parents were also asserting claims individually; however, these motions were unopposed. *See Stanley v. Target Corp.*, No. H-07-03680 (S.D. Tex. June 3, 2008); *Mix v. Target Corp.*, No. 3:09-cv-00382-PRM (W.D. Tex. Aug. 2, 2010).

The differences between the pre- and post-2003 amendment versions of the CPRC are instructive in deciding this issue. Before 2003, the CPRC restricted designations of responsible

---

[1] The court in *Blythe* apparently did not sign an order, but instead, ruled on the record, and no transcript has been furnished to the Court. However, Mrs. Hernandez's counsel also represented the plaintiffs in *Blythe*, and Plaintiffs do not dispute Defendants' account of the ruling.

parties to persons "to whom all of the following apply: (1) the court in which the action was filed could exercise jurisdiction over the person; (2) the person could have been, but was not, sued by the claimant; and (3) the person is or may be liable to the plaintiff for all or part of the damages claimed against the named defendant or defendants." *In re Unitec*, 178 S.W.3d at 58 n.5. In its current form, however, the CPRC lacks such restrictions and explicitly defines a responsible third party as "any person" alleged to have caused or contributed to harm. Tex. Civ. Prac. & Rem. Code. §§ 33.004(a), 33.011(6).

The purpose of the 2003 amendments to the requirements for designating responsible third parties was to liberalize who may be so designated, such that the jury may be permitted to consider the extent to which each involved entity is at fault, regardless of the extent to which the plaintiff could actually recover against such an entity. *Fisher v. Halliburton*, 2009 WL 1098457, at *3 (describing "the legislature's expansive intentions" with regard to Chapter 33); *Galbraith*, 290 S.W.3d at 868 n.6 (noting that while the 1995 proportionate responsibility legislation contained several limitations on responsible third party designations, the 2003 amendments "substantially broadened" the meaning of responsible third parties to eliminate those restrictions and to allow the jury to allocate responsibility among all persons potentially responsible); Holman, *supra*, at 884 (describing the new rule as a "veritable free-for-all, with submission of '. . . unidentified defendants, phantom vehicles, subcontractors . . . whose names can't be remembered,' and so forth") (quoting *Tort Reform of 2003: Hearings on Tex. H.B. 4 Before the Senate Comm. on State Affairs,* 78th Leg., R.S. (Apr. 10, 2003), *reprinted in* 2 Legislative History of Texas H.S. 4: The Medical Malpractice & Tort Reform Act of 2003, at 1304 (2003)).

Accordingly, in furtherance of this goal, courts should permit the designation of responsible third parties where those parties' alleged fault could not otherwise be considered.

Here, Mrs. Hernandez's assertion of parental immunity would preclude Defendants from asserting any claim for contribution against her, thereby making a claim by Defendants against her legally untenable. *See Salinas v. Kristensen*, No. 13-08-00110-CV, 2009 WL 4263107, at *2 (Tex. App.—Corpus Christi 2009, no pet.) ("[W]here the parental immunity doctrine bars legal action by a child against his parents, that child's recovery from other defendants is not reduced by his parents' percentage of negligence.") (quotation omitted). Since Mrs. Hernandez's assertion of parental immunity would prevent a jury from considering the extent of her liability in the contributory negligence context, allowing Mrs. Hernandez to be designated as a responsible third party would not be "superfluous," as Plaintiffs claim. Rather, it would facilitate the goals behind the 2003 amendments to the CPRC, by allowing pursuit of the only mechanism by which such alleged fault could be considered. *See Galbraith*, 290 S.W.3d at 868 n.6 (concluding that "[t]he thrust of the statute is that the jury should allocate responsibility among *all persons* who are responsible ") (emphasis added) (quoting 19 Dorsaneo, *Texas Litigation Guide* § 291.03[2][b][i]).

In *Ferrell*, the parents of the minor plaintiff were also plaintiffs and were not asserting parental immunity, and the court there underscored the fact that the defendants' motion to designate was redundant because the trier of fact was already required to consider the degree of responsibility attributed to the parents. No. A-11-CA-467-SS (W.D. Tex. Feb. 21, 2012). In contrast, in this case if the Court were to deny Defendants' Motion, the trier of fact will have no other means of apportioning the alleged fault of Mrs. Hernandez for C.H.'s injuries, thereby frustrating the goals of the 2003 amendments to the CPRC.

Therefore, because (1) Defendants' motion was timely; (2) Mrs. Hernandez's designation is not precluded by parental immunity; and (3) her designation as a responsible third party would

be consistent with the aims of the 2003 amendments to the CPRC, the Court **GRANTS** Defendants' motion and designates Waikiki Hernandez as a responsible third party.

    **SO ORDERED**.

March 10, 2014.

                                                   */s/ Barbara M. G. Lynn*
                                                   **BARBARA M. G. LYNN**
                                                   **UNITED STATES DISTRICT JUDGE**
                                                   **NORTHERN DISTRICT OF TEXAS**